**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Catrice M. Ford,

      Plaintiff,

    v.                            Case No. 1:05cv557

Hamilton County Juvenile Court,         Judge Michael R. Barrett

      Defendant.


<u>**ORDER**</u>

      This matter is before the Court upon Defendant Hamilton County Juvenile Court 's Motion for Judgment on the Pleadings.  (Doc. 8)  Plaintiff Catrice M. Ford has filed a Memorandum in Opposition, and Defendant has filed a Reply.  (Docs. 10, 11)  Also before the Court is Plaintiff's Motion to Amend her Complaint.  (Doc. 9)

      Defendant argues that Hamilton County Juvenile Court is not the proper party to this action.  Defendant states that the Juvenile Court is not *sui juris* and cannot be sued in this case.  Plaintiff acknowledges the error and moves to amend her Complaint in order to name the presiding judge of the Juvenile Court and the superintendent of the Youth Center.  Defendant replies that Federal Rule of Civil Procedure 4(m) limits the time for Plaintiff to effect service of summons to 120 days, and Plaintiff has missed the deadline for service.

      Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires."  In evaluating the interests of justice, courts consider several factors, including "undue delay in filing, lack of notice to the opposing

party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir.1998).  The grant or denial of an opportunity to amend is within the district court's discretion, but refusal to grant leave without a justifying reason is not an exercise of discretion but rather an abuse of that discretion.  *Rose v. Hartford Underwriters Insurance Co.,* 203 F.3d 417, 420 (6th Cir. 2000) ("we have held on several occasions that a district court abuses its discretion when it fails to state a basis for its decision to deny a motion to amend").

However, once a district court's scheduling order's deadline for amending the pleadings passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a).  *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir.  2003).  The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements.  *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).  This Court must also evaluate the prejudice to the opponent before modifying the scheduling order.  *Leary*, 349 F.3d at 909.

In the Court's Scheduling Order, the deadline for amending the pleadings was January 30, 2006.  (Doc. 6)  Plaintiff's Motion to Amend was filed beyond that deadline, on March 6, 2006.  Plaintiff has not articulated a reason for not seeking leave to amend earlier, but in essence, Plaintiff states that she was unaware that the Juvenile Court was not the proper defendant.  Plaintiff points out that the Juvenile Court defended this action in the EEOC proceedings, waived service of summons, and filed and Answer.  However, Defendant points out that in its Answer, it notified Plaintiff that the Juvenile Court is not *sui*

*juris*.  Yet, Defendant has not stated how Plaintiff's proposed Defendants–the presiding judge and the superintendent–will be prejudiced by Plaintiff's amendment.  "To deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.' " *Duggins v. Steak "N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999), *quoting*, *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986); *see also Leary*, 349 F.3d at 907.  In addition, under the analysis employed by courts under Rule 15(a), "delay by itself is not sufficient to deny a motion to amend." *Coe*, 161 F.3d at 342.  Therefore, in the absence of any showing of prejudice, Plaintiff shall be permitted to amend her Complaint.

Accordingly, it is hereby **ORDERED** that:

1. Defendant Hamilton County Juvenile Court's Motion for Judgment on the Pleadings (Doc. 8) is DENIED;

2. Plaintiff Catrice M. Ford's Motion to Amend her Complaint (Doc. 9) is GRANTED; and

3. Plaintiff is directed to electronically file the Amended Complaint attached to her Motion within seven (7) days of the entry of this Order.

**IT IS SO ORDERED.**

 */s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court